■ ALFREDO COLON, Respondent, v. EAST COAST INSURANCE COMPANY, Appellant, and PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent, et al., Defendant.— Judgment, Supreme Court, New York County, entered on

April 12, 1971, declaring defendant-appellant's disclaimer of liability in regard to an automobile liability insurance policy void, unanimously reversed, on the law and the facts, and judgment granted in favor of defendant-appellant declaring its disclaimer to be valid and declaring that defendant Public Service Mutual Insurance Company is subject to a claim under its uninsured motorist endorsement in its insurance policy. Appellant shall recover of defendant-respondent $50 costs and disbursements of this appeal. The trial court found that appellant's disclaimer of liability was null and void. The articulated reason for so finding was that plaintiff's notice, as a third party, was timely and reasonable, citing *Lauritano* v. *American Fid. Fire Ins. Co.* (3 A D 2d 564 affd. 4 N Y 2d 1028) as authority. In *Lauritano* this court held that although almost 13 months had elapsed from the date of the accident, the injured plaintiff had given timely notice to the insurance company in view of the great difficulty he had in discovering the identity of the carrier to be notified. By contrast, in the case at bar the plaintiff ascertained the carrier's identity immediately upon writing to the Department of Motor Vehicles. But he waited more than one year to do it. True, the delay seems to have been due to his first lawyer's inactivity, but unfortunately the plaintiff is bound by it. As we said in *Richter* v. *Fireman's Fund Amer. Ins. Co.* (27 A D 2d 223, 225) (where notice to the carrier was given 11 months after the accident) the *Lauritano* doctrine, "however generously stretched, cannot excuse such a chronology of inactivity". The trial court should have found appellant's disclaimer valid and, accordingly, should have ordered judgment declaring that defendant-respondent Public Service Mutual Insurance Company was subject to a claim under the uninsured motorist endorsement of its policy. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Eager, JJ.